EDMUNDO C. VIEIRA *vs.* LOUIS CARREIRO, JR.

FEBRUARY 29, 1952.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

O'Connell, J. This cause is before us on complainant's appeal from a final decree confirming a portion of an auditor's report and dissolving the partnership theretofore existing between the parties.

The pertinent facts are as follows. The complainant filed a bill of complaint against the respondent seeking dissolution of an existing partnership and asking for reference to an auditor for the purpose of an accounting. The respondent duly filed his answer thereto. Meanwhile complainant filed a motion seeking appointment of an "auditor" under the provisions of general laws 1938, chapter 532, §10. After a hearing thereon an order was entered January 22, 1949 appointing an auditor "to make an accounting of the partnership affairs of the complainant and respondent" and directing him to file a written report.

On February 25, 1949 that report was filed and in effect is in two parts. The first part, after reviewing the history of the business, deals with the actual records of the partnership. Under "Findings Based on Records Examined," the auditor concludes that *if the records which he examined were complete* "Vieira accordingly would owe Carreiro $2,606.99." In the second part under the heading "Results of Gross Profit Tests" he further stated that if the formula employed in a Dun and Bradstreet, Inc. survey of 109 bakery shops as included in "Merchants Service," a booklet pub-

lished by The National Cash Register Company, were applied in the instant cause, the result would be "Vieira owed by Carreiro $9,401.11."

The respondent duly filed his exceptions to the auditor's report but no exception thereto was taken by complainant. The respondent then, upon his motion and with permission of the court, filed an amended answer asking specifically for affirmative relief in accordance with the first part of the auditor's report, namely, that the complainant pay him $2,606.99.

Nothing further was done until October 24, 1949 when respondent filed a "Motion To Confirm Part Of Auditor's Report." Such motion stated that he had filed exceptions to the hypothetical part of the report, relating to gross profit tests, but that neither party had excepted to the part which considered the actual books and records. The motion then asked that the part of the report to which no exception had been taken be confirmed and that complainant be directed to pay respondent $2,606.99 as shown on page 6 of the auditor's report.

At the hearing on this motion the trial justice rejected that portion of the report based on gross profit tests, and in his decision stated: "The Court approves the report of the auditor to the extent of the finding that Mr. Vieira owes Mr. Carreiro $2606.99."

Thereafter complainant filed two motions. One sought to recommit the auditor's report for revision and to permit complainant to file exceptions thereto. The other was to set aside the decision of the superior court on the report and to have the cause reinstated. Both motions were heard together on November 21, 1949 and denied and complainant excepted thereto. On the same date the final decree was entered confirming that part of the report wherein it was stated *conditionally* that complainant owed respondent $2,606.99 and dissolving the partnership as of December 31, 1948, the last day considered in the auditor's report. From such decree complainant has appealed to this court.

The respondent first raises a jurisdictional question. He contends that a decision on an auditor's report can be reviewed only by a bill of exceptions and not by appeal, and since no exception was taken and no jury trial was claimed by complainant the decision is final and he has no standing before this court under G. L. 1938, chap. 532, §17. That statute reads as follows:

> "The court, upon the reception of the report, if no cause be shown against the allowance of the same, shall render a *decision thereon which shall be final,* unless within 2 days thereafter the plaintiff or defendant shall, in writing, file with the clerk of the court in which said cause is pending a demand for jury trial, if the same has not been waived." (italics ours)

He further contends that even if reference was not by agreement the rule of this court adopted February 19, 1934 applies. That rule reads as follows:

> "In all cases referred to an auditor or auditors, whether by agreement of the parties, on motion of a party or of the court's own motion, in which upon the coming in of the report there shall be a final decision of the superior court thereon without a jury trial, any party aggrieved by such decision *may except thereto and may prosecute a bill of exceptions* to such decision to the supreme court in the same manner as is provided by law for the prosecution of exceptions in civil actions heard on the merits by the superior court without a jury." (italics ours)   Rule 22 of Rules of Practice of the Supreme Court.

The respondent argues that where no right to review existed previously and a rule of this court now allows a review by bill of exceptions, obviously such procedure must be followed and there can be no method for review other than by bill of exceptions as specified therein. He contends further that a rule of court, if promulgated under a proper exercise of judicial power to make rules for practice and procedure within that court, is given the same force and effect as a statute, *Letendre* v. *Rhode Island Hospi-*

*tal Trust Co.*, 74 R. I. 276, 281, and that such time and other limitations as are expressed in such rule would constitute jurisdictional requirements as fully as if they had been incorporated expressly in a statute.

We find no merit in any of the above contentions as applied to the facts in the instant cause. An examination of the cases reported in this state, in which an *auditor* was appointed, discloses that all were actions at law. Beginning with the statute of this state passed in 1867, which authorized the appointment of auditors, that and all succeeding statutes provided in the same or substantially similar language for a trial by jury if either party was dissatisfied with the decision rendered on the auditor's report. This is a clear intimation it was always intended that auditors were to be appointed only in actions at law, since there was and is no absolute right to a trial by jury under our equity practice. Under such practice, in suits in equity *masters* were to be appointed whereas *auditors* were to be appointed only in actions at law.

In *Chapman* v. *Chapman*, 224 Mass. 427, the court treated the report of an auditor as that of a master. This was a probate appeal which under Massachusetts statutes follows the course of equity. There the court stated at page 429: "The decisive factor is not a designation given to an appointee of the court, but the nature of the duties imposed on him and the character of the work performed by him. The reference in the case at bar appropriately describes the duties of a master. *Warfield* v. *Adams*, 215 Mass. 506, 519. *Bradley* v. *Borden*, 223 Mass. 575. It would have been more accurate to have called him a master. His report will be treated as the report of a master."

No case has been called to our attention in which an auditor was appointed in an equity cause. However, we have found an equity case in the Maryland high court of chancery, *Townshend* v. *Duncan*, 2 Bland's Ch. (Md.) 45, in which an auditor was appointed. But it is to be noted that the opinion therein clearly pointed out that since the court

had no officer denominated a master in chancery, the auditor created by statute had the same powers as are generally possessed by a master.

We are of the opinion that the statute and the rule of court above referred to are inapplicable in the instant cause. To hold otherwise would be to create without good reason an exception to the general rule that the proper method for review of an equity cause is by appeal and not by bill of exceptions. The latter method is generally reserved for actions at law. Since our statutes provide for the appointment of masters as well as auditors, we conclude from the nature of the duties to be performed herein that the court in fact appointed a master, although he was erroneously designated by complainant's motion and in the decree as an auditor. To that end we shall, as in the *Chapman* case, *supra*, treat the auditor's report as that of a master.

The case of *Broley* v. *Superior Court,* 42 R. I. 253, referred to in the briefs of both parties, is not pertinent to the instant cause. That case, which was before us on certiorari, was an action in assumpsit wherein the court referred to the fact that the parties had *originally* the right to a jury trial and had by agreement referred the case to an auditor, thus coming plainly under the language and intent of the statute. Neither of those conditions exist here.

Treating the report as that of a master, we are of the opinion that the instant cause is properly before us and it therefore becomes necessary to consider the merits of the appeal. From a careful examination of the record it is apparent that the auditor's report contained no definite findings of fact upon which the trial justice could base his decision and subsequent decree. This is clear from the following language in the report under the heading "Recommendations": "Since, in my opinion, the accounting records are not adequate I am not in a position to state what I feel to be the actual status of the partners' accounts as of December 31, 1948."

The auditor puts his conclusions on a subjunctive or con-

ditional basis. He stated at one point that *if* the records which he examined were complete he would reach one result and later stated that *if* the "gross profit" test was applied he would reach another wholly different result. There is no evidence in the record to support the application of any such test and therefore none to support the latter conclusion of the auditor. Moreover the first conclusion was conditional and the report itself did not furnish the trial justice with an adequate basis for his decision. No further testimony was presented before him to supply such deficiency.

In the peculiar circumstances we are of the opinion that justice requires that the cause be referred again to the same or a new appointee of the superior court as a master, unless the court shall decide to hear the cause and make its own findings thereon without such reference.

The complainant's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings in accordance with this opinion.

*Aram A. Arabian, Joseph R. Libby,* for complainant.
*Teitz & Teitz, Alexander G. Teitz,* for respondent.